HORACE B. CLAFLIN AND OTHERS, Respondents, *vs.* WILLIAM B.
LAWLER AND OTHERS, Appellants.

Where an appeal is taken from a judgment rendered in the District Court, the evi-
dence given upon the trial of the cause in that Court is no part of the record, and
cannot properly be considered by this Court upon appeal.

Although the evidence in this case consisted of Depositions read in the Court below,

there is no more propriety in sending up written than oral testimony; we have no right to look beyond the records in the cause.

The record consists only of the pleadings, the decision of the Judge, and the judgment.

Upon an appeal, this Court will not undertake to revise the judgment below or give judgment upon the evidence; but will only consider the facts as they are exhibited by the record.

Under the Statute of this Territory, a party to a suit is a competent witness, and his testimony may properly be taken out of the Territory under a *commission* and used upon the trial in the same manner as the testimony of other witnesses. ,

AMES &. VAN ETTEN, Counsel for Appellants.

HOLLINSHEAD & BECKER, AND D. COOPER, Counsel for Respondents.

*By the Court*—WELCH, Ch. J. This is an appeal from a judgment of the District Court of the Second Judicial District, county of Ramsey.

The Plaintiffs, Claflin, Mellen & Co., brought a complaint against William B. Lawler and others, for the purpose of foreclosing a certain mortgage executed on the first day of October, 1852, by the Defendant, Lawler, (by his Attorney in fact, Anne Curran.)

The Complaint avers, that the mortgage was given and conditioned to secure the payment of a certain promissory note for $4000, made by the Defendant, Lawler, bearing even date with the mortgage, and payable one year from date to the order of the Plaintiffs. That the other Defendants claim title to, and interest in, the mortgaged premises, as judgment creditors, and as mortgagees and assignees of mortgagees of the Defendant, Lawler, subsequent to the execution and recording of the said mortgage.

The answer of the Defendant, Lawler, admits the execution and delivery of the note and mortgage, and alleges that at the time of the making and delivery of the said note and mortgage, the Defendant and one James Curran were co-partners in trade, engaged in the general mercantile business at Saint Paul in the Territory of Minnesota, under the name, style and firm of Curran & Lawler, and were then indebted to the Plaintiffs in the sum of $2126 8-100, balance due upon account of previous purchases of goods by the said firm of Curran & Lawler. That

the note and mortgage in question were made by the Attorney in fact, of the Defendant, Lawler, at the instance and solicitation of James Curran, and delivered to James Curran at the time they were executed, for the purpose of being delivered (by him) to the Plaintiffs in New York, as collateral security for the payment of said indebtedness to the Plaintiffs.

That it was then expressly understood and agreed by the said Curran and the Attorney in fact, of the Defendant, Lawler, that when the aforesaid balance of indebtedness should be afterwards paid, the mortgage and note should be delivered up to the Defendant, Lawler, satisfied.

That afterwards, Curran & Lawler did fully pay said indebtedness to the Plaintiffs, and that the Plaintiffs now hold the said note and mortgage without consideration therefor, in fraud of the rights of the Defendants.

The Plaintiffs in reply deny the new matter set up in the answer, and aver that the note and mortgage were given to secure the payment of any indebtedness of Curran & Lawler then existing, or that might afterwards be contracted, and that the amount of the indebtedness of Curran & Lawler to the Plaintiffs· existing at the time of the maturity of the note secured by the said mortgage and at the commencement of the suit, was upwards of $5000.

A jury trial was waived, and the case was tried by the Court.

The Court rendered a judgment of foreclosure in favor of the Plaintiffs and made the usual order directing a sale of the mortgaged premises.

From the judgment an appeal has been taken to this Court.

The paper books furnished the Court contain not only the judgment roll, including properly, the decision of the Court below, but also the evidence in the case. The cause has been argued as though the evidence was properly before this Court; but this is a mistake.

In this case it is true that the evidence consisted wholly, or nearly so, of Depositions, but there is no more propriety in sending up written than oral testimony, and we have no right to look beyond the record in the case.

The record consists of the pleadings, the decision of the

.Judge, and the judgment. The question then is, does the record show any error of law.

No error has been assigned, and none appears in the record, unless it appears in the decision of the Court below.

The decision is something more than a general verdict. Perhaps any error disclosed by the decision, although such decision may contain more matter than is required by the Statute, may be noticed. The true course, I apprehend, however, is for the party to take his exceptions to every ruling, in the same manner as in a jury trial, unless such ruling will form a legitimate part of the decision, or the error, if any exists, will appear in the pleadings.

This Court will not undertake to revise or give judgment as to facts, but will take them as they are exhibited by the record. What then does the decision disclose? A number of objections were made upon the trial, which are noticed in the decision. Those questions have not been raised upon the argument, and any argument was unnecessary, as they were settled by the pleadings.

The first objection necessary to be noticed is, that the testimony of a party to a suit cannot be taken by commission. This objection was overruled. This ruling we think clearly correct; a party to a suit is a competent witness, and by Statute the testimony of a witness may be taken under a commission. The next objection is, that the statements of James. Curran were received in evidence. Now the Court have no legitimate means of knowing whether these items of testimony thus objected to were properly received or not. Nothing is before us but the record, and we cannot travel out of the case to learn what transpired on the trial. The Judge has decided the issues presented by the pleadings in favor of the Plaintiffs, and judgment was accordingly rendered for the Plaintiffs.

The judgment from the record appears to be correct, and is affirmed.

In this case, as Counsel have argued the questions as though the whole case was properly before the Court, we should be disposed to remand the case for further proceedings in the District Court, if we supposed that any right might be sacrificed by any misunderstanding of the law; but we are satisfied

from the arguments of counsel, and an examination of the papers submitted to us, that the judgment of the District Court was correct.